UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN Q. WESLEY,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil Action No. 05-511 (CKK)
Criminal Action No. 01-017

**FILED**

APR - 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**MEMORANDUM OPINION**
(April 8, 2008)

Currently pending before the Court is Petitioner's [46] Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, and the Government's [49] Motion to Dismiss Petitioner's Motion as untimely. After thoroughly reviewing the submissions by both Petitioner and the Government, applicable case law and statutory authority, the Court shall DENY Petitioner's Motion and GRANT the Government's Motion, for the reasons that follow.

## I. BACKGROUND

On June 12, 2001, a jury found Petitioner guilty of (1) possession of cocaine base with intent to distribute, 841(b)(1)(B)(iii); (2) using or carrying a firearm during a drug-trafficking offense, 18 U.S.C. § 924(c)(1)(A); and (3) possession of a firearm by a convicted felon, *id.* § 922(g)(1). On September 5, 2001, this Court sentenced Petitioner to consecutive terms of imprisonment of 120 months on counts one and three, and sixty months on count two. Petitioner appealed his convictions which were affirmed by the United States Court of Appeals for the

District of Columbia Circuit on June 21, 2002. *See United States v. Wesley*, 293 F.3d 541 (D.C. Cir. 2002), *rehearing en banc denied*, 2002 U.S. App. LEXIS 15548 (D.C. Cir. Aug. 1, 2002), *rehearing denied*, 2002 U.S. App. LEXIS 15549 (D.C. Cir. Aug. 1, 2002). The D.C. Circuit's mandate was issued on August 20, 2002.

Petitioner filed the instant Motion on March 14, 2005, claiming that he was wrongfully convicted based on evidence obtained (1) during an unconstitutional search and seizure and (2) pursuant to an unlawful arrest. Pet'r's Mot. at 5-6. These two arguments are the same as those presented to, and rejected by, the D.C. Circuit on Petitioner's direct appeal. *See Wesley*, 293 F.3d at 545-549. On May 19, 2005, the Government filed a Motion to Dismiss Petitioner's Motion arguing that was untimely filed. *See* Gov't's Mot. to Dismiss at 2-3. On January 23, 2006, Petitioner filed a Reply.

## II. DISCUSSION

Petitioner did not file his Motion within the one-year limitations period. In relevant part, 28 U.S.C. § 2255 provides that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactivity applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could

have been discovered through the exercise of due diligence. 28 U.S.C. § 2255. Petitioner does not argue that the Government created an impediment to his filing an appeal, that the Supreme Court newly recognized a right and made it applicable retroactivity to a case on collateral review, or that relevant facts supporting his claim were recently discovered. Accordingly, the one-year limitation period ran from the date on which Petitioner's judgment of conviction became final.

In this case, Petitioner's judgment of conviction became final on November 20, 2002, ninety days after the D.C. Circuit issued its mandate on August 20, 2002 (ninety days represents the time in which Petition could have filed a writ of certiorari in the United States Supreme Court). Petitioner's Motion was filed on March 14, 2005 – more than two years after his conviction became final, and thus outside the scope of the one-year limitations period.

Petitioner does not dispute the applicability of the one-year limitations period, but argues that "I never knew the result [of the criminal appeal until] I request[ed] my docket report for case number 01-cr-00017 on November 14, 2004," Pet'r's Mot. at 6, and that he "recently found out that [he could] file [the instant] Motion," *id.* at 13. Neither justification allows Petitioner to avoid the one-year limitations period. Although the D.C. Circuit has not addressed whether equitable tolling applies to Section 2255 habeas claims, the Court explained that *if* tolling does apply, it would only be justified by "extraordinary circumstances." *United States v. Cicero*, 214 F.3d 199, 203 (D.C. Cir. 2000). Such circumstances do not include ignorance of the law, unfamiliarity with the legal process, or sitting on one's rights. *See Baylor v. United States*, 314 F. Supp. 2d 47, 52 (D.D.C. 2004) (citing *Calderon v. United States Dist. Court*, 128 F.3d 1283, 1289 (9th Cir. 1997)). Petitioner's assertion that he was unaware of the outcome in his criminal

appeal is undermined by the June 2002 letter attached to his Reply. That letter, drafted by Petitioner's appellate counsel and sent to Petitioner, describes the outcome of his appeal and explains his various legal options. *See* Pet'r's Reply, Ex. 2 at 1 (Letter dated June 21, 2002). Petitioner's alternative explanation that he was unaware that he could file the instant Motion cannot be considered an extraordinary circumstance. *See Baylor*, 314 F. Supp. 2d at 52 (dismissing a § 2255 Motion because the petitioner did not file within one year of final judgment and no extraordinary circumstances existed).

Because Petitioner failed to file the instant Motion prior to the expiration of the one-year limitations period, and because there are no circumstances presented in the record that suggest a basis for tolling the applicable statute of limitations, the Court must dismiss Petitioner's Motion as untimely.

### III. CONCLUSION

For the reasons set forth above, the Court shall DENY Petitioner's [46] Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and GRANT the Government's [49] Motion to Dismiss. An appropriate Order accompanies this Memorandum Opinion. This case shall be dismissed in its entirety.

Date:   April 8, 2008

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge