UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

JOHN Q WESLEY,

Defendant.

Criminal No. 01-17 (CKK)

MEMORANDUM OPINION
(April 29, 2013)

Defendant John Q. Wesley was convicted at trial of unlawful possession with intent to distribute 5 grams or more of cocaine base and two firearms offenses. The Defendant was sentenced to a term of 120 months incarceration for the drug offense. Presently before the Court is the Defendant's [60] Motion to Reduce Sentence, seeking to reduce his sentence for the drug offense to time served. The Government opposes the Defendant's motion. Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court finds it lacks jurisdiction to reduce the Defendant's sentence below the 120-month mandatory minimum to which the Defendant was initially sentenced. Accordingly, the Defendant's motion is DENIED.

I. BACKGROUND

The Defendant was charged by superseding indictment with one count of unlawful possession with intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) (count one), (b)(1)(B)(iii), one count of using or carrying a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c) (count two), and one count of possession of a firearm by a convicted felon in violation 18 U.S.C. § 922(g) (count three). Following a jury

---

[1] Def.'s Mot. to Reduce Sent., ECF No. [60]; Gov't's Corrected Opp'n, ECF No. [65-1]; Def.'s Reply, ECF No. [66].

trial, the Defendant was found guilty on all three counts.

The Presentence Investigation Report ("PSR") indicates counts one and three were grouped together in accordance with section 3D1.2(c) of the United States Sentencing Guidelines. PSR ¶ 11. The Defendant was responsible for 6.94 grams of cocaine base, commonly known as crack cocaine, making his base (and adjusted) offense level 26. *Id.* at ¶¶ 13, 26. With a criminal history category of IV, the Defendant's applicable guideline range for counts one and three was 92 to 115 months imprisonment. *Id.* at ¶ 54. Prior to trial, the Government filed an Information of Additional Penalty indicating the Defendant had a prior conviction for possession with intent to distribute cocaine. The Defendant was thus subject to a 120-month mandatory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(B) (2001). *See id.* ("If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years."). On September 4, 2001, the Court sentenced the Defendant to concurrent terms of 120 months incarceration on counts one and three, and 60 months imprisonment on count two, to be served consecutively to counts one and three.

On November 1, 2007, the United States Sentencing Commission reduced the offense level generally applicable to cocaine base offenses by two levels, and made the amendment retroactive. U.S.S.G. App. C, amends. 706, 713. The Defendant moved to reduce his sentence pursuant to these amendments. Def.'s Pet. for the Reduction of Sent., ECF No. [53]. The 2007 amendments reduced the Defendant's base offense level, but did not alter the 120-month mandatory minimum. The Court therefore denied the Defendant's motion. 9/29/2009 Order, ECF No. [58].

Enacted in 2010, the Fair Sentencing Act increased the amount of cocaine base necessary

to trigger various mandatory minimum sentences. Pub. L. 111-220, 124 Stat. 2372 (Aug. 3, 2010). In relevant part, the act increased the amount of cocaine base necessary to trigger the 120-month mandatory minimum for defendants with prior drug convictions from 5 grams to 28 grams. FSA § 2(a); *see* 21 U.S.C. § 841(b)(1)(B)(iii) (2013). The Sentencing Commission subsequently revised the sentencing guidelines to account for the revised threshold quantities. U.S.S.G. App. C, amend. 750. The Defendant now moves to reduce his sentence to time served in light of the revised mandatory minimums enacted by the Fair Sentencing Act.

## II. DISCUSSION

Section 3582(c) of Title 18 of the United States Code provides that the Court may modify a term of imprisonment once imposed under three circumstances: upon motion by the Director of the Bureau of Prisons; to the extent expressly permitted by statute or Federal Rule of Criminal Procedure 35; or where the applicable sentencing guideline range has been retroactively lowered by the Sentencing Commission. Only the third scenario is at issue in this case, 18 U.S.C. § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

At the time of his sentencing, the Defendant's applicable guidelines range was 92 to 115 months, with a mandatory minimum sentence of 120-months. The Defendant argues that the Fair Sentencing Act and related amendment to the sentencing guidelines lowered the applicable guideline range to 41 to 51 months, with no mandatory minimum sentence. Def.'s Mot. at 2. The Defendant thus asks the Court to reduce the Defendant's sentence to time served. *Id.* at 2-3.

In *United States v. Dorsey*, 132 S. Ct. 2321 (2012), the Supreme Court held that the

revised mandatory minimum penalties set forth in the Fair Sentencing Act applied to defendants who committed offenses prior to August 3, 2010, but were not sentenced until after that date. *Id.* at 2326. Relying on the Supreme Court's reasoning in *Dorsey*, the Defendant argues that the Fair Sentencing Act provisions should apply to defendants convicted and sentenced prior to August 3, 2010, but who file a motion under section 3582(c)(2) after that date. Def.'s Mot. at 8-12.

Noticeably absent from the Defendant's motion is any discussion of the D.C. Circuit's decision in *United States v. Bigesby*, 685 F.3d 1060 (D.C. Cir. 2012). The *Bigesby* court held that the Fair Sentencing Act does not apply retroactively to a defendant sentenced eight months before the act went into effect. *Id*. at 1066. The Defendant attempts to distinguish *Bigesby* on the grounds it addressed only cases in which defendants were sentenced prior to August 3, 2010, but whose appeals were still pending on that date. Def.'s Reply at 2. The Defendant suggests that *Bigesby* is not dispositive of the question as to whether the Fair Sentencing Act applies to proceedings under 18 U.S.C. § 3582(c)(2). Contrary to the Defendant's argument, the holding in *Biegsby* was not limited by the procedural posture of that case. The *Bigesby* court plainly stated that "[w]e agree with every circuit court to address the issue that there is simply no evidence that Congress intended the [FSA] to apply to defendants *who had been sentenced* prior to the August 3, 2010 date of the Act's enactment." 685 F.3d at 1066 (citation omitted) (emphasis added). In other words, the Defendant's argument could only have merit if a motion under 18 U.S.C. § 3582(c)(2) constitutes a new sentencing proceeding.

The Supreme Court rejected this argument *Dillon v. United States*, 130 S. Ct. 2683 (2010), holding that "[b]y its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding. Instead, it provides for the 'modif[ication of] a term of imprisonment' by giving

4

courts the power to 'reduce' an otherwise final sentence in circumstances specified by the Commission." *Id*. at 2690. "Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Id*. at 2691 (emphasis added). The *Dorsey* court recognized that "in federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced. [C]ompare 18 U.S.C. § 3553(a)(4)(A)(ii) with § 3582(c)." 132 S. Ct. at 2335 (citation omitted). A motion to reduce a defendant's sentence under section 3582(c)(2) does not trigger a new sentencing proceeding such that the defendant can be said to have been sentenced after the effective date of the Fair Sentencing Act. *United States v. Quattlebaum*, --- F. Supp. 2d ---, 2013 WL 1164925, at *3 (D.D.C. Mar. 23, 2013); *United States v. Baucum*, --- F. Supp. 2d ---, 2012 WL 6185715, at *3 (D.D.C. Dec. 12, 2012); *United States v. Seldon*, No. 06-318, 2012 WL 6004215, at *1-2 (D.D.C. Dec. 3, 2012); *United States v. Sartor*, No. 04-455-11, 2012 WL 3095351, at *1 (D.D.C. July 30, 2012); *see also United States v. Jiron*, No. 96-210, 2012 WL 2384108, at *1 (D.D.C. June 25, 2012). Because the provision of the Fair Sentencing Act reducing the threshold quantity for the 120-month mandatory minimum sentence does not apply to motions under section 3582(c)(2), the Court lacks jurisdiction to reduce the Defendant's sentence below the 120-month mandatory minimum.

### III. CONCLUSION

For the foregoing reasons, the Court finds it lacks jurisdiction to reduce the Defendant's sentence. Although the Defendant's applicable guideline range was reduced by the 2010 amendment to the sentencing guidelines, the Fair Sentencing Act, which reduced the threshold quantity for the 120-month mandatory minimum, is not retroactive. Therefore, the Court cannot

reduce the Defendant's sentence below the 120-month mandatory minimum. Accordingly, the Defendant's [60] Motion to Reduce Sentence is DENIED. An appropriate Order accompanies this Memorandum Opinion.

_____/s/_____
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE
