**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

UNITED STATES OF AMERICA,

v.

JOHN Q. WESLEY,

    Defendant.

Criminal Action No. 01-17 (CKK)

---

**MEMORANDUM OPINION AND ORDER**
(May 1, 2018)

Pending before this Court is *pro se* Defendant John Q. Wesley's [81] Letter requesting an early termination of his supervised release, which is treated by this Court as a motion for early termination of supervision ("Mot."); the U.S. Probation Office's [83] Response to Defendant's Request for Early Termination ("Prob. Resp."); the Government's [86] Response to Defendant's Motion for Early Termination of Supervised Release ("Govt. Resp."); and Defendant's [90] Reply to the Government's Response ("Reply"). Upon review of the pleadings, the relevant legal authorities, and the record as a whole, this Court DENIES Defendant John Q. Wesley's [81] Motion for Early Termination of Supervised Release.

**BACKGROUND**

*Pro se* Defendant John Q. Wesley ("Defendant" or "Mr. Wesley") was charged by superseding indictment with one count of Unlawful Possession with Intent to Distribute 5 Grams or More of Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii) (Count One); one count of Using, Carrying and Possessing a Firearm during a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c)(1) (Count Two); and one count of Unlawful Possession of a Firearm and Ammunition by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1) (Count Three). Following a jury trial, the Defendant was found guilty on all three counts on June 12, 2001.

1

On September 5, 2001, this Court held a sentencing hearing and after consideration of Presentence Investigation Reports by both parties, the Court sentenced Mr. Wesley to concurrent terms of 120 months incarceration on counts one and three, and 60 months imprisonment on count two, to be served consecutively to counts one and three. Mr. Wesley also received a total of eight years of supervised release, which commenced on May 15, 2014 and is scheduled to terminate on May 14, 2022. On November 19, 2016, Mr. Wesley was arrested and charged with Possession with the Intent to Distribute a Controlled Substance, Carrying a Pistol without a License, Possession of a Large Capacity Ammunition Feeding Device, Possession of an Open Container of Alcohol and Possession of Drug Paraphernalia. All of these charges were subsequently dismissed.

In November 2017, after serving more than three years of supervised release, Mr. Wesley sent the Court a letter requesting an early termination of his supervised release, which is treated as a motion for early termination of his supervision. *See* Motion, ECF No. 81. Mr. Wesley states that he is employed full-time and has been promoted in his employment, but he cannot be considered for certain work opportunities while he is on supervised release. *See id.* Mr. Wesley indicates further that he would like to move to another state and get a "fresh start" as his first child is on the way, and his current job would permit him to transfer to any state where his employer operates. *Id.*

The Court requested that the Probation Office for the District of Columbia file a response to the Mr. Wesley's letter. The Court also ordered the United States to state its position on Defendant's request for early termination of his supervised release.

The United States opposes Mr. Wesley's request for early termination of supervision. The United States acknowledges that "defendant has made positive progress and genuine efforts on supervised release" but objects to early termination of supervised release on grounds that these

efforts do not constitute "something of an unusual or extraordinary nature." *See* Govt. Resp. ECF No. 86, at 2. The United States notes that during his period of supervised release, Mr. Wesley was "arrested for being involved or surrounded by the same illegal activity for which he was arrested in the instant case" and accordingly, early termination of supervision is not in the interest of justice. *See* Govt. Resp., ECF No. 86, at 3.

The Probation Office indicates that Mr. Wesley does not qualify for early termination of his supervision under the guidelines adopted by their office, because Mr. Wesley is not "[f]ree from high severity violations." Prob. Resp., ECF No. 83, at 2. A "high severity violation" [is defined] as a felony offense conduct, whether [the defendant is] arrested or not." *See* Prob. Resp., ECF. No. 83, at 2. The Memorandum concludes that "[a]part from the high severity violation, Mr. Wesley's adjustment to supervision is consistent with the supervision objectives based on his personal history and characteristics . . . [and there is no] particular behavior that can be characterized as remarkable or going beyond expectations." *Id* at 3.

## LEGAL STANDARD

Pursuant to 18 U.S.C. § 3583(e), a court, after considering the factors set forth in 18 U.S.C. § 3553(a)(1), (a)((2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice(.)" 18 U.S.C. § 3583(e)(1).[1] The District of Columbia Circuit Court has indicated that, in the context of a denial of a motion for early

---

[1]*United States v. Harris*, 258 F. Supp. 3d 137, 142-43 (D.D.C. 2017) examined and confirmed the district court's authority to modify, under 18 U.S.C. § 3583(e)(1), a mandatory supervised release term imposed under 21 U.S.C. § 841(a) with regard to a defendant whose sentence pre-dates the 2002 amendment to Section 841.

3

termination of supervision, the district court must explain its consideration of the requisite factors, unless "the reasons for denying the motion are apparent from the record." *United States v. Mathis Gardner*, 783 F.3d 1286, 1289 (D.C. Cir. 2015). Accordingly, discussed below are the relevant factors under Section 3553 (a) and whether or not the Defendant's post-incarceration conduct and the interest of justice warrant an early termination of Defendant's supervised release.

## ANALYSIS

**Considering Section 3553(a) Factors**

The Court begins its analysis pursuant to 18 U.S.C. § 3583(e) by examining the Section 3553(a) factors: 1) the nature and circumstances of the offense and the defendant's history and characteristics; 2) deterrence of criminal conduct; 3) protection of the public from further crimes of the defendant; 4) the need to provide the defendant with educational or vocational training, medical care, or correctional treatment; 5) the applicable sentencing guideline range for the offense and pertinent policy statements by the U.S. Sentencing Commission; 6) the need to avoid unwarranted sentencing disparities; and 7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553 (a)(1), (a)(2)(B)-(D), and (a)(4)-(7). The Court notes that the seventh factor is not applicable because the Defendant had no restitution obligations to any victims of the offense. Nor is the fifth factor applicable. *See United States v Harris*, 258 F. Supp. 3d 137, 145 (D.D.C. 2017) (noting that the fifth factor had no relevance because the Commission "has not promulgated any guidelines or policy statements addressing early termination of supervised release, but [instead has] limited its policy guidance to violations of supervised release"). Furthermore, the fourth factor involving the provision of educational or vocational training and sixth factor involving sentencing disparities are not on point with the circumstances in this case, where Defendant has participated in educational/vocational training since while on supervision,

4

and there are no co-defendants whose sentences might be comparable. Accordingly, the court will evaluate the first, second, and third factors.[2]

With regard to the first factor, the nature and circumstances of the offense, Mr. Wesley was found guilty of three charges: Unlawful Possession with Intent to Distribute 5 Grams or More of Cocaine Base (Count One); Using, Carrying and Possessing a Firearm during a Drug Trafficking Offense (Count Two); and Unlawful Possession of a Firearm and Ammunition by a Convicted Felon (Count Three). The Court notes that Mr. Wesley had several prior convictions, and at the time of his arrest on these three charges on which he was later found guilty, he was on probation supervision. The Government opposes Mr. Wesley's request for early termination on grounds that "the combination of jail time and 96 months of supervised release was and continues to be a just and fair sentence" when considering the seriousness of the crime and general public deterrence. *See* Govt. Resp., ECF No. 86, at 2-3. The Court finds that this first factor weighs in favor of denying early termination because of the seriousness of the Defendant's criminal offenses.

The second factor involves deterrence of criminal conduct. While on supervision, Mr. Wesley was arrested and charged with Possession with Intent to Distribute a Controlled Substance, Carrying a Pistol Without a License, Possession of a Large Capacity Ammunition Feeding Device, Possession of an Open Container of Alcohol, Possession of Unregistered Ammunition, and Possession of Drug Paraphernalia. Although these charges were subsequently dismissed for want of prosecution, "the offense conduct reflects that Mr. Wesley found himself involved in the same patterns of behavior as the instant federal offense." *See* Prob. Resp., ECF No. 83, at 2. Mr. Wesley acknowledges that his arrest was "based on [his] failure to identify negative peers," and

---

[2] Mr. Wesley did not address any of the Section 3553 factors nor did the Government comment on any factors other than "the seriousness of the crime and general public deterrence[.]" *See* Govt. Resp., ECF No. 86, at 2.

5

he states that he is being "careful on who [he] let[s] around [him]" and is making a conscious effort to surround himself with law-abiding people. *See* Mot., ECF No. 81. Because of similarity between the nature of the underlying criminal conduct, which was committed when Mr. Wesley was on probation supervision, and the new criminal conduct, which occurred during Mr. Wesley's supervised release, the Court finds that this second factor weighs in favor of denying early termination of supervision in order to deter any similar serious criminal conduct.

With regard to the third factor, protection of the public, Mr. Wesley states that he has not had any incidents since the time of the new criminal conduct, which shows that he had "made a positive change." *See* Mot., ECF No. 81. The Court notes that Mr. Wesley's last criminal conduct, which was similar to his prior criminal conduct, occurred less than one and one-half years ago. The Court finds that protection of the public is essential and accordingly, this factor weighs in favor of denying early termination.

Accordingly, the three Section 3553 factors considered by this Court all weigh in favor of denying Mr. Wesley's request for early termination of supervision.

**Considering Defendant's Post-Incarceration Conduct and the "Interest of Justice"**

In addition to considering the Section 3553(a) factors, the Court must be "satisfied" that early termination of supervision is "warranted by the conduct of the defendant released and the interest of justice. . . ." 18 U.S.C. § 3553(a). In this case, Mr. Wesley's request that his supervision be terminated early is based upon his participation in educational/vocational training and his work history during his term of supervised release, as well as his desire to relocate and obtain employment as an unarmed security guard. The Probation Officer reports that Mr. Wesley's residence and employment have been stable; he has not tested positive for illicit substances; he reports to the Probation Office as directed; and there have been no new criminal charges other than

the charges from November 2016, which were later dismissed.

The Probation Office explains that in cases where an offender has made an outstanding adjustment, the offender's conduct is rewarded by being afforded a recommendation for reduced supervision requirements such as recommendation for early termination of supervised release, but in Mr. Wesley's case, he does not qualify for this because of his high severity violation. The Probation Office further notes that records of Mr. Wesley's supervision "do not contain any particular behavior that can be characterized as remarkable or going beyond expectations" and thus, early termination of supervised release is not recommended. *See* Prob. Resp., ECF No. 83, at 2. The Government praises Mr. Wesley for doing everything a law abiding citizen should do — maintaining employment, improving his skills and staying drug free — but asserts that these efforts do not rise to the level of "something of an unusual or extraordinary nature," even without considering Mr. Wesley's arrest in 2016.

The Court commends Mr. Wesley for engaging in vocational/educational training and maintaining stable employment and remaining drug free; however, Mr. Wesley's mere compliance with the conditions of his supervision—vocational/educational training and negative drug screens—is not enough to warrant early termination of supervised release. *See United States v Longerbeam*, 199 F. Supp. 3d 1, 2-3 (D.D.C. 2016) (noting that although Section 3583(e) does not specify when the conduct of the defendant released will warrant early termination of supervision, this Circuit has acknowledged that sometimes "changed circumstances" such as "exceptionally good behavior by the defendant" will render the conditions of release too hard or inappropriately tailored to serve the punishment goals of Section 3553(a) and a defendant may be entitled to early termination of supervision) (quoting *United States v Lussier*, 104 F.3d 32, 36 (2d Cir. 1997); *see also United States v. Mathis-Gardner*, 783 F.3d 1286, 1289 (D.C. Cir. 2015) (acknowledging this

line of reasoning from *Lussier*).

> [D]istrict courts applying *Lussier* to §3583(e)(1) petitions have found that even perfect compliance with conditions of release does not qualify as "exceptionally good behavior" warranting early termination [and] [t]hese courts have noted that "[m]odel prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination."

*United States v. Etheridge*, 999 F. Supp. 2d 192, 197 (D.D.C. 2013) (quoting *United States v. McKay,* 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005)). "Defendant's good behavior alone is insufficient to warrant early termination of his supervision." *United States v. Parker*, 219 F. Supp. 3d 183, 190 (D.D.C. 2016) A defendant must instead "show something 'of an unusual or extraordinary nature' in addition to full compliance." *United States v Etheridge*, 999 F. Supp. 2d at 196 (quoting *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003)). In this case, Defendant's compliance with the terms of his supervision was marred by his re-arrest in 2016, although the charges were subsequently dismissed, but even putting aside that re-arrest, Mr. Wesley has not shown any extraordinary circumstances that would warrant early termination of his supervised release. Accordingly, upon evaluation of the Section 3553(a) factors, which weigh against early termination, and having considered the Defendant's post-incarceration conduct, as well as the opposition by the Government and the Probation Office, this Court finds that Mr. Wesley's request for early termination of his supervised release is unwarranted, and it does not serve the interest of justice. Therefore, it is this 1st day of May, 2018, by

**ORDERED** that John Q. Wesley's [81] Motion for Early Termination of Supervised Release is DENIED.

**SO ORDERED.**

/s/
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE